UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| LILLIE M. MIDDLEBROOKS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-0878 (ESH) |
| NORMA P. FUENTES, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Before the Court is defendants' Notice of Removal and plaintiff's Notice of Defective Notice of Removal ("Opp'n"). For the reasons set forth herein, the Court finds that removal is improper and will remand this case to the Superior Court of the District of Columbia ("Superior Court").

## BACKGROUND

Plaintiff Lillie M. Middlebrooks filed a 117-page, 980-paragraph, 246-count *pro se* complaint in Superior Court on May 3, 2010. The complaint alleges that plaintiff was unlawfully terminated by defendants based on her race, gender, color, and protected activities. (Compl. ¶ 1.) All of the 246 counts in the complaint, except one, allege violations of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code 2-1401.01-1431.08, and District of Columbia common law.[1] The one federal cause of action alleges a violation of 42 U.S.C. § 1981. (Compl. at 40.) On May 26, defendants filed a notice of removal under 28 U.S.C. §

---

[1] Plaintiff's complaint also includes claims of negligent supervision, breach of contract, and violation of D.C. public policy, citing various provisions of the D.C. Code. (Compl. at 110, 112-114.)

1441(b) on the grounds that the Court possesses federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.  (Notice of Removal ¶ 10.)  Alternatively, defendants state that removal is proper under 28 U.S.C. § 1441(c), which allows removal of an entire case where a cause of action with federal question jurisdiction conferred by § 1331 is joined with otherwise non-removable claims.  (*Id.*); *see also* 28 U.S.C. § 1441(c).

In response, plaintiff filed what amounts to objections to the removal and/or a motion for remand of the case on June 9, 2010, arguing, *inter alia*, that removal from Superior Court is improper because she does not seek "any type of relief under any federal law and/or statute." (Opp'n at 12.)  Specifically, plaintiff states that Count 57 of her complaint, the only count arising under federal law, "was an inadvertent typing error."  (*Id.*)  Plaintiff also contends that she is free to file an amended complaint, which presumably would not include the lone § 1981 claim at issue.  (*Id.* at 14.)

## ANALYSIS

Based on its review of defendants' notice, plaintiff's objections, and the relevant case law, the Court finds that removal of the instant case is improper.  Plaintiff represents that she did not intend to include the § 1981 claim in her complaint, and based on that representation, the Court will treat plaintiff's objections as a notice of dismissal of Count 57 (*i.e.*, the § 1981 claim) under Federal Rule of Civil Procedure 41(a).  *See Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) ("'[A] document filed *pro se* is to be liberally construed.'") (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Under Rule 41(a), "a plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A).  Here, although defendants have filed a motion to dismiss, they have not filed an answer or a motion for

summary judgment, and therefore dismissal without prejudice of plaintiff's § 1981 claim is appropriate. *See*, *e.g.*, *Little v. Trott & Trott*, *P.C.*, No. 09-1882, 2009 WL 4827441, at * 1 (D.D.C. Dec. 14, 2009) (dismissing complaint without prejudice where defendants had filed motion to dismiss). Without the § 1981 claim, the Court does not have original jurisdiction over any part of plaintiff's complaint, rendering the exercise of supplemental jurisdiction under §§ 1367 or 1441(c) impossible.[2]

---

[2] Moreover, even if plaintiff's § 1981 claim were not dismissed, the Court's jurisdiction over one claim does not obligate it to exercise supplemental or § 1441(c) jurisdiction over any remaining claims. Indeed, 28 U.S.C. § 1367 states that the Court may decline to exercise supplemental jurisdiction where claims over which the Court does not have original jurisdiction (*i.e.*, all but one of plaintiff's 246 claims) "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or where "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(2), (4). And § 1441(c) makes clear that the Court "may remand all matters in which State law predominates." *Id.* § 1441(c). The Court finds that plaintiff's DCHRA claims predominate the sole § 1981 claim against a single defendant, and it further finds that plaintiff's declaration that she inadvertently included a federal claim in her complaint a compelling reason to decline jurisdiction over plaintiff's remaining claims.

3

**CONCLUSION**

For the foregoing reasons, the Court grants plaintiff's motion to dismiss Count 57, which alleges race discrimination in violation of 42 U.S.C. § 1981. Absent Count 57, plaintiff's complaint contains no claims over which the Court has original jurisdiction.[3] Accordingly, removal under 28 U.S.C. § 1441 is improper, and the Court remands this case to Superior Court. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: June 11, 2010

---

[3] The Court notes that although there is diversity between plaintiff, a resident of Virginia, and the District of Columbia-based defendants, absent other grounds for the Court's jurisdiction, an action is removable under § 1441 "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, all of the defendants are citizens of the District of Columbia, where this action was brought. As such, removal to federal court on diversity grounds is improper.